## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANAEL STAHLER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KELLY, *et al.*,<br><br>Defendants. | Case No. 25–cv–15183–ESK–MJS<br><br><br>OPINION AND ORDER |

**THIS MATTER** is before the Court on *pro se* plaintiff Nathanael Stahler's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint).  (ECF No. 1.)  Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).  For the following reasons, I will allow the Complaint to proceed in part.

## DISCUSSION

1.    Plaintiff is a pretrial detainee at the Atlantic County Jail (Jail). (ECF No. 1 p. 2.)

2.    The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

3.    To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4.    "The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).    Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"    *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

5.    Plaintiff alleges he is being subjected to unconstitutional conditions of confinement in violation of the Fourteenth Amendment's Due Process Clause. (ECF No. 1 pp.6, 7.)    He alleges Jail staff are not providing him with adequate nutrition, causing substantial weight and muscle mass loss.    (*Id.* p.6.) Plaintiff states a nurse practitioner informed him this was due to "protein deprivation."    (*Id.* p.7.)    He further alleges that the Jail is overcrowded and understaffed.    (*Id.*)

6.    Plaintiff has not stated a claim for relief against Michael Kelly and Bruce Carber, respectively the Jail warden and deputy warden.    (*Id.* pp.4, 5.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).    "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.    Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."    *Id.*    Plaintiff has not provided any facts regarding Kelly and Carber's personal liability that meet this standard. I will dismiss these defendants without prejudice.    28 U.S.C. § 1915(e)(2)(B)(ii).

7.    Plaintiff also has not stated a claim against the Atlantic County Board of Freeholders (Freeholders).    (ECF No. 1 p. 5.)    As a municipality, Atlantic County "cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior."    *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).    Plaintiff can establish Atlantic County's liability in two ways.    "A plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that they were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'"    *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (internal citation omitted)(quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)).

8.    Here, plaintiff asserts that Atlantic County is "responsible for funding the operation of the [Jail] and for taking all other actions/necessary or

the operation of this [Jail]." (ECF No. 1 p. 5.) This is a conclusory allegation with no supporting facts; therefore, I will dismiss the Freeholders without prejudice.

9. I will permit plaintiff's claims against Lisa Streckler to proceed. Plaintiff alleges that Streckler, the Jail's kitchen superintendent, has been depriving him of adequate nutrition. (*Id.* pp. 6, 7.) "Allegations that prisons are not providing adequate nutrition falls within the broader category of conditions of confinement claims." *Stokes v. Aramark Corp.*, No. 19–cv–20601, 2020 WL 5793688, at *2 (D.N.J. Sept. 29, 2020). "[I]nmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well being." *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983))

10. Plaintiff asserts that he has lost significant weight and muscle mass as the result of not receiving enough protein. (ECF No. 1 pp. 6, 7.) Accepting the factual allegations as true for screening purposes only, plaintiff has alleged a claim against Streckler.

11. I will also allow plaintiff's claims against the Jail's medical department to proceed. Plaintiff asserts that the nurses told him to "order commissary" when he sought medical attention. (*Id.* p.7.) Accepting the factual allegations as true for screening purposes only, plaintiff has alleged a claim against Jail's medical department for denial of medical care.[1]

Accordingly,

**IT IS** on this  **18th** day of **February 2026**  **ORDERED** that:

1. Michael Kelly, Bruce Carber, and the Atlantic County Board of Freeholders are dismissed from this action without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's claims against Lisa Streckler and the Atlantic County Jail's medical staff may proceed.

---

[1] My preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] §1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

3.    The Clerk shall provide Plaintiff with a copy of the USM-285 form for Lisa Streckler.    Fed. R. Civ. P. 4(i).[2]

4.    Plaintiff shall complete the form and return it to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101.

5.    Upon plaintiff's sending of the completed form to the Clerk, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this opinion and order upon defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.[3]

6.    Defendant shall file and serve responsive pleadings within the time specified by Federal Rule of Civil Procedure 12.

7.    Pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of *pro bono* counsel.

8.    If plaintiff seeks the appointment of *pro bono* counsel or other relief at any time before defendants file a notice of appearance, plaintiff shall (1) serve a copy of the application by regular mail upon each party at his or her last known address and (2) file a Certificate of Service.[4]    Fed. R. Civ. P. 5(a), (d).

9.      The Clerk shall send a copy of this opinion and order to plaintiff by regular mail.


    /s/ Edward S. Kiel
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff has not identified the relevant members of the Atlantic County Jail's medical department, and the United States Marshals cannot serve John Doe defendants.  Plaintiff must identify the relevant defendants before service can be made.

[3] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that they waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[4] After an attorney files a notice of appearance on behalf of defendants, the attorney will automatically be electronically served all documents that are filed in the case.