ECF No. 6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **NATHANAEL STAHLER,**<br>**Plaintiff,**<br>**v.**<br>**MICHAEL KELLY, et al.,**<br>**Defendants.** | **Civil No. 25-15183 (ESK/MJS)** |

**OPINION AND ORDER**

This matter is before the Court on plaintiff Nathanael Stahler's ("Plaintiff") Motion for *Pro Bono* Counsel. ECF No. 6. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I. Background

Plaintiff commenced this action while detained in the Atlantic County Jail, alleging that, in failing to provide him with adequate nutrition, various members of the prison staff have subjected him to unconstitutional conditions of confinement in violation of the Due Process Clause of the Fourteenth Amendment. ECF Nos. 1 at 6–7; 4 at 1–2. On September 4, 2025, the Court granted Plaintiff's IFP application. ECF No. 3. On February 19, 2026, in screening the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), the Court dismissed Plaintiff's claims against Michael Kelly, Bruce Carber, and the Atlantic County Board of Freeholders without prejudice, and permitted Plaintiff's claims against the Atlantic

County Jail's kitchen superintendent and medical staff to proceed. ECF No. 4 at 3. Plaintiff now seeks *pro bono* counsel to assist him in litigating these claims. ECF No. 6 at 3.

**II. Legal Standard**

Although "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel . . . Congress has granted district courts statutory authority to 'request' appointed counsel'" for them in appropriate circumstances. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (quoting 28 U.S.C. § 1915(e)(1)). In "determin[ing] whether appointment of counsel in a civil case would be appropriate[,]" district courts are afforded "broad discretion." Montgomery, 294 F.3d at 498 (quoting Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)) (internal quotations omitted).

"Prior to analyzing the substance of the applicant's request for *pro bono* counsel, the Court must first determine whether the litigant's overarching claim has 'some merit in fact and law.'" Mohamed v. Atl. Cnty. Special Servs. Sch. Dist., Civ. No. 17-3911, 2021 WL 2206105, at *2 (D.N.J. June 1, 2021) (quoting Tabron, 6 F.3d at 155). If this threshold is satisfied, then the Court must weigh the following factors to determine whether appointing counsel is appropriate: "(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155–56, 157 n.5). "This non-exhaustive list provides guideposts for the Court's decision[.]" Harris v. Drs. at the Newark Univ. Hosp., Civ. No. 25-3063, 2026 WL 248134, at *2 (D.N.J. Jan. 29, 2026).

### III. Discussion

As this Court has already permitted a portion of Plaintiff's claims to proceed, see ECF No. 4 at 3, it "need not undertake a detailed analysis" of the merit of Plaintiff's remaining claims "because application of the Tabron . . . factors overall weighs against appointment of *pro bono* counsel at this time." Cango v. Bergen Cnty. Jail Adm'r, Civ. No. 18-10151, 2019 WL 3315776, at *2 (D.N.J. July 24, 2019); see, e.g., Small v. Fisher, Civ. No. 23-3685, 2025 WL 1193161, at *2 (D.N.J. Apr. 24, 2025). The Court therefore "assumes that Plaintiff's claims have merit in fact and law," and turns to the factors. Jones v. N.J. Dep't of Corr., Civ. No. 18-17296, 2022 WL 2116771, at *2 (D.N.J. June 13, 2022).

For factor one, in assessing a plaintiff's ability to present his or her own case, courts consider the plaintiff's education, literacy, prior work and litigation experience, and understanding of the English language. Tabron, 6 F.3d at 156. Where, as here, the plaintiff is incarcerated, courts also consider the restraints placed upon the plaintiff by their confinement and whether the plaintiff has "access to necessary resources like a typewriter, photocopier, telephone, and computer." Chew v. New Jersey, Civ. No. 23-22676, 2026 WL 1894354, at *3 (D.N.J. July 1, 2026) (citation omitted).

In support of this factor, Plaintiff states only that he cannot litigate this case without counsel "because [he] ha[s] no idea what [he is] doing . . . and [he] need[s] help." ECF No. 6 at 3. But a plaintiff's assertion that "he 'does not know what he is doing'" is not a sufficient basis for appointing counsel since "this fact applies to most *pro se* litigants[.]" Small, 2025 WL 1193161, at *3 (citing Cousar v. Stack, Civ. No. 20-1259, 2022 WL 376618, at *1 (D.N.J. Feb. 8, 2022)). And so far, Plaintiff's actions in the early stages of this case suggest otherwise. He has filed a complaint that partially survived the 28 U.S.C. § 1915(e)(2) initial screening

process and successfully applied to proceed IFP. Therefore, "Plaintiff's filings to the Court demonstrate his ability to adequately read, write, and understand English and the legal process." Small, 2025 WL 1193161, at *3; see Bright v. Tyson, Civ. No. 15-8038, 2016 WL 4424948, at *1 (D.N.J. Aug. 16, 2016) ("Although [plaintiff] claims that he only has a high school education, no legal education, and limited access to legal materials and the library, he has demonstrated an ability to articulate the legal relief he seeks."). Thus, this factor presently weighs against granting the appointment of counsel.

For factor two, the difficulty of the legal issues, Plaintiff asserts that he has been subjected to unconstitutional conditions of confinement in violation of his Fourteenth Amendment rights, allegations that are "relatively straightforward." Norman v. Taylor, Civ. No. 16-9102, 2019 WL 1324456, at *2 (D.N.J. Mar. 25, 2019). As the Third Circuit has held that "[42 U.S.C.] § 1983 conditions-of-confinement claims are not inherently complex[,]" Jones, 2025 WL 2452524, at *3 (citing Montgomery, 294 F.3d at 502), the Court declines to depart from this practice now. Accordingly, this factor presently weighs against the appointment of counsel.

For factor three, the need for factual investigation and Plaintiff's ability to pursue it, "courts should consider a prisoner's predicament in attempting to obtain facts," and "be aware that it may be difficult for indigent plaintiffs to understand the complex discovery rules." Parham, 126 F.3d at 460 (citing Tabron, 6 F.3d at 156). However, "[t]his is not to say that counsel should be appointed in every potentially meritorious claim by an indigent prisoner where some investigation may be required." Montgomery, 294 F.3d at 503. Rather, if the plaintiff does not show that "the factual investigation . . . would require extensive discovery,

the third Tabron factor weighs against appointment of counsel." Harris, 2026 WL 248134, at *4.

Plaintiff makes no arguments concerning his ability to obtain facts. He therefore has not demonstrated that the "factual investigation . . . would require extensive discovery." Id. Moreover, "[c]ourts have found that a plaintiff's first-hand knowledge of events decreases his burden regarding factual discovery[,]" and here, Plaintiff "is a party to the incidents from which his claims arise, thus he is familiar with the facts of his case." Bright, 2016 WL 4424948, at *2 (citation omitted). Accordingly, this factor also weighs against the appointment of counsel.

For factor four, the likelihood that the case will turn on credibility determinations, although "'[*p*]*ro bono* counsel may be warranted when witness credibility is a key issue and when the factfinder must decide between conflicting testimony[,]'" here, "Plaintiff does not address this factor . . . and it is unclear to the Court at this time whether Plaintiff's . . . claim will involve a swearing contest between the witnesses." Harris, 2026 WL 248134, at *4 (quoting Davis v. Burke, Civ. No. 19-10620, 2022 WL 970220, at *3 (D.N.J. Mar. 30, 2022)) (internal quotations omitted). Therefore, this factor weighs against the appointment of counsel.

For factor five, the need for expert testimony, "[i]t is presently unclear to the Court, and Plaintiff does not address, the ways in which expert testimony could support his . . . claim." Harris, 2026 WL 248134, at *4. While this alone militates against appointing counsel, see id., "the need for expert testimony does not warrant the appointment of counsel in every case[,]" Mohamed, 2021 WL 2206105, at *4, and "[g]iven the nature of his allegations, the case appears to depend more on the facts deduced rather than on any expert testimony." Bright, 2016 WL 4424948, at *2. Accordingly, this factor also weighs against the appointment of counsel.

Finally, for factor six, "[t]he Court recognizes that Plaintiff is incarcerated and has been granted permission to proceed IFP, which is indicative of an inability to afford counsel." Derrick v. Cuzzupe, Civ. No. 22-4436, 2024 WL 3823977, at *4 (D.N.J. Aug. 14, 2024) (citation omitted); see ECF No. 3. It also acknowledges his assertion that he "do[es]n't have the money" to privately retain an attorney. ECF No. 6 at 3. Therefore, while "this factor alone is not enough to justify the appointment of counsel[,]" Araque v. Hudson Cnty. Bd. of Freeholders, Civ. No. 22-3704, 2024 WL 1987822, at *4 (D.N.J. May 6, 2024), Plaintiff has sufficiently demonstrated his indigence, and this factor weighs in his favor.

## IV. Conclusion

Because, on the current record, the only factor supporting Plaintiff's application for *pro bono* counsel is his inability to obtain counsel independently, and "indigency alone . . . does not warrant the appointment of counsel[,]" Bright, 2016 WL 4424948, at *2, "[o]n balance, and having considered the Tabron factors, the Court finds that the appointment of counsel is not warranted at this time." Harris, 2026 WL 248134, at *4. Accordingly, for all of the foregoing reasons,

**IT IS** this **2nd** day of **September 2026,**

**ORDERED** that Plaintiff's motion for the appointment of counsel is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff's address via regular mail and shall enter a notation on the docket indicating the date on which this Order was mailed.

s/Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge